**Ricardo A. CONTRERAS, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Case No. 15–cv–1277 (TSC) (DAR)**

United States District Court, District of Columbia.

Signed 03/09/2017

Alicia Joyce Batts, Squire Patton Boggs (US) LLP, Washington, DC, for Plaintiff.

Fred Elmore Haynes, U.S. Attorney's Office for the District of Columbia, Washington, DC, Lauren Donner Chait, Robert Shannon Drum, Social Security Administration Office of the General Counsel, Region III, Philadelphia, PA, for Defendant.

## ORDER

TANYA S. CHUTKAN, United States District Judge

Upon careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation filed on Feb. 17, 2017 (ECF No. 28), and the absence of any objections from either party thereto, the court hereby ADOPTS the Report of the Magistrate Judge and further ACCEPTS the Recommendation of the Magistrate Judge. It is therefore ORDERED that Plaintiff's Motion for Judgment of Reversal (ECF No. 22) is GRANTED IN PART and Defendant's Motion for Judgment of Affirmance (ECF No. 23) is DENIED.

It is FURTHER ORDERED that this matter is remanded to the Social Security Administration for further administrative proceedings consistent with the Magistrate Judge's Report and Recommendation.

## REPORT AND RECOMMENDATION

DEBORAH A. ROBINSON, United States Magistrate Judge

Plaintiff, Ricardo Contreras, seeks judicial review of a decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability benefits pursuant to 42 U.S.C. § 405(g). Complaint ¶ 1 (ECF No. 1). This case was referred to the undersigned for full case management. (ECF No. 3). Currently pending are (1) Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (ECF No. 22) and (2) Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (ECF No. 23). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, and the entire record herein, the undersigned will recommend that the court grant Plaintiff's motion in part and deny Defendant's motion.

## BACKGROUND

On July 6, 2010, Plaintiff filed a Title II application for disability insurance benefits as well as a Title XVI application for supplemental security income. Administrative Record ("AR") (ECF No. 16) at 288–95. In his applications, Plaintiff listed a date of disability of December 25, 2005 relating to an accident he suffered that exacerbated prior injuries to his back. *See id.* at 43, 288. Plaintiff argues that he suffers from "chronic, severe lower-back pain" as well as "migraines and asthma." Memorandum in Support of Plaintiff's Motion for Judgement of Reversal ("Plaintiff's Mem.") (ECF No. 22) at 3. Plaintiff's applications were initially denied by the SSA on August 27, 2010, and were subsequently denied upon reconsideration on August 30, 2011. AR at 115–23, 135–45.

Plaintiff filed a written request for a hearing, *see id.* at 106, and appeared before an Administrative Law Judge ("ALJ") on January 29, 2013, *see id.* at 87. After some initial testimony, the hearing was postponed until June 4, 2013. *See id.* at 58. The ALJ subsequently retired, *id.* at 41, and Plaintiff's case was reassigned to a second ALJ, who held a hearing on December 19, 2013. *Id.* at 39–56. The ALJ denied Plaintiff's application on January 8, 2014. *See id.* at 21–38. In the opinion,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 25, 2005. *Id.* at 27. Additionally, the ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine, s/p three lumbar fusion surgeries (2000, 2003, and 2006), s/p fractures of the coccyx and sacrococcygeal junction (2005), s/p left-knee arthroscopy with removal of chondral debris and chrondroplasty of the patella (2007), migraines, and asthma." *Id.* at 27–28. The ALJ also found that Plaintiff "does not

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 28. Lastly, the ALJ found that Plaintiff has "the residual functional capacity to perform unskilled light work ... with the following limitations: only simple and routine tasks and only occasional social interaction with supervisors, coworkers, and the general public. In addition the claimant is limited to only low-stress work which is not production paced.... In addition, the claimant is limited to work that permits the claimant to alternate between sitting and standing at-will during the workday to alleviate symptoms of pain and discomfort." *Id.*

Based on the ALJ's residual functional capacity ("RFC") determination, the ALJ found that there were jobs that exist in significant numbers in the national economy that the Plaintiff could perform such that he "has not been under a disability, as defined in the Social Security Act, from December 25, 2005, through the date of this decision." *Id.* at 32–33.

Plaintiff sought review of the ALJ's decision from the SSA, which the SSA denied on June 4, 2015, thereby rendering the ALJ's decision "the final decision of the Commissioner." *Id.* at 1. Plaintiff proceeded to bring the current action in this court.

## APPLICABLE STANDARD OF REVIEW

 A plaintiff may seek judicial review in this court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). The decision made by the Commissioner will not be disturbed "if it is based on substantial evidence in the record and correctly applied the relevant legal

---

1. The ALJ's opinion refers to the Plaintiff as "the claimant" throughout.

standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [SSA's] findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F.Supp.2d 55, 60 (D.D.C. 2012) (citations omitted). Substantial evidence is defined as relevant evidence such that "a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). A finding of substantial evidence requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

This Circuit has held that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F.Supp.2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)). The reviewing court "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits," *Nicholson v. Soc. Sec. Admin.*, 895 F.Supp.2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation marks and alteration omitted), but should not "review the case '*de novo*' or reweigh the evidence," *Guthrie v. Astrue*, 604 F.Supp.2d 104, 112 (D.D.C. 2009) (citation omitted). It is a plaintiff who bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11–

1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted).

## DISCUSSION

Plaintiff challenges the ALJ's determination based on three allegations: (1) the ALJ erred by not articulating a "function-by-function" analysis before he determined Plaintiff's RFC, (2) there is no substantial evidence to support the ALJ's determination of Plaintiff's RFC, and (3) the ALJ made an improper credibility determination regarding Plaintiff's allegations of pain. *See generally* Plaintiff's Motion. For the reasons discussed below, the undersigned finds that the ALJ's determinations are not supported by substantial evidence.

### The ALJ's Evaluation of Plaintiff's RFC is Not Supported by Substantial Evidence

Plaintiff's first contention regarding the ALJ's RFC determination is that the ALJ failed to undertake a "function-by-function" analysis of each of Plaintiff's work-related abilities. Plaintiff's Mem. at 5. There is some disagreement within this court regarding the specific requirements for articulating the "function-by-function" analysis required by Social Security Ruling 96–8p, 1996 WL 374184 (July 2, 1996). *Compare Johnson v. Astrue*, No. 11–788, 2012 WL 3292416 (D.D.C. Aug. 12, 2012) *and Banks v. Astrue*, 537 F.Supp.2d 75 (D.D.C. 2008) *with Lane–Rauth v. Barnhart*, 437 F.Supp.2d 63 (D.D.C. 2006). This court has found that when "the ALJ provided a thorough narrative discussion of [Plaintiff's] limitations," and has built a "logical bridge" from the evidence to his conclusion, the RFC analysis does not require "written articulation of all seven strength demands." *Banks*, 537 F.Supp.2d at 85. Applying the more recent articulation of the standard, the undersigned finds, however, that the ALJ failed to pro-

vide a sufficiently thorough narrative to satisfy the requirements of SSR 96–8p.

Plaintiff contends that the ALJ failed to account for both physical and mental limitations in his determination of Plaintiff's RFC. Plaintiff's Mem. at 5–8. Specifically, Plaintiff notes that the ALJ's decision "does not find how long [Plaintiff] can sit, stand, or walk, nor does it find any facts pertaining to the extent [Plaintiff] can carry, push, or pull anything." Plaintiff's Reply to Defendant's Motion for Judgement of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Reply") (ECF No. 25) at 4. Additionally, Plaintiff argues that the ALJ "failed to consider the debilitating effects of [Plaintiff's] mediations on his ability to focus and interact with supervisors, peers, and the general public." Plaintiff's Mem. at 7. Defendant argues that "[t]he ALJ formulated a RFC that accounted for all of Plaintiff's credibly supported functional limitations after carefully considering these subjective complaints, as well as the objective medical evidence and the medical opinions of record." Defendant's Memorandum of Law in Support of Her Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Defendant's Mem.") (ECF No. 23) at 17.

The undersigned finds that, in the absence of a function-by-function analysis,[2] the ALJ also failed to create a "logical bridge" between the evidence presented and his conclusions as required by SSR 96–8p. The ALJ's discussion of Plaintiff's mental limitation caused by his pain and medication use falls far short of the standard outlined in *Banks*. In lieu of the required "thorough narrative" of Plaintiff's mental functions, the ALJ simply notes Plaintiff's allegations[3] before concluding that "both the testimony and the evidence suggest that the claimant is precluded from his past work, but is capable of work with the limitations included in the [RFC] above." AR at 30–31; *see also Dowell v. Colvin*, No. 15–cv–1542, 232 F.Supp.3d 1, 7–9, 2017 WL 107997, at *6 (D.D.C. Jan. 11, 2017).

In citing evidence to rebut Plaintiff's allegations, the ALJ gave "great weight" to the medical opinion of Plaintiff's treating physician, Dr. Ronald Childs, who opined that he "did not believe [Plaintiff] is capable of doing heavy work at this time, but I have advised him that he would be a candidate for retraining and a more sedentary or administrative type of position rather than certainly any type of physical labor." *Id.* at 30. The ALJ held that in "relying upon Dr. Child's December 13, 2011 statement, the undersigned found the claimant capable of working at the light level of exertion with his pain and discomfort fully accommodated by an at-will sit-stand option." *Id.* This rationale, while addressing Plaintiff's pain relating to sitting and standing, does not address Plaintiff's allegations of mental limitations, such as his inability to concentrate or lack

---

2. While the undersigned recognizes that an individual function-by-function analysis is not required, there is a split among members of this court, and "it would behoove the ALJ to provide ... a narrative function-by-function analysis of the plaintiff's capabilities in his findings following this remand." *Charles v. Astrue*, 854 F.Supp.2d 22, 30 (D.D.C. 2012).

3. The ALJ references Plaintiff's "inability to concentrate due to his chronic pain and medications," Plaintiff's "concentration deficits," Plaintiff's "pain medication [leaving] him mentally unfocused," Plaintiff's "impaired concentration secondary to his medications," and finally, a statement from Plaintiff's treating physician, Dr. Philips, who opined that "pain and related medications make it difficult [for Plaintiff] to maintain mental focus." AR at 29–30.

of mental focus. As such, there is no "logical bridge" between the Plaintiff's testimony regarding his mental limitations, Dr. Childs' opinion, and the ALJ's finding that Plaintiff "is capable of work with the limitations included in the [RFC] above." [4] *Id.* at 31. The ALJ pointed to no evidence or testimony that rebuts the specific allegation in treating physician, Dr. Robert Philips' opinion that Plaintiff's "pain and related medications make it difficult [for Plaintiff] to maintain mental focus." AR at 753.

■ Defendant argues that "it can scarcely be argued that the ALJ was unaware of Plaintiff's prescribed medications. Plaintiff testified about his use of pain management medication and muscle relaxants at the administrative hearing. The ALJ discussed at length Plaintiff's testimony, including with respect to medications, in his decision." Defendant's Mem. at 19. Whether or not the ALJ was "aware" of Plaintiff's medication, however, is not the appropriate standard; in the absence of a function-by-function analysis, the ALJ's decision "must contain a narrative discussion identifying the evidence that supports each conclusion." *Banks*, 537 F.Supp.2d at 84 (quoting *Butler*, 353 F.3d at 1000) (internal quotation marks omitted). In addition, when "performing the RFC assessment, the ALJ must explain how he considered and resolved any material inconsistencies or ambiguities evident in the record." *Id.* (internal quotation marks omitted). Defendant further argues that "Plaintiff's activities of daily living arguably supported the ALJ's conclusion." Defendant's Mem. at 17, 26; *see also* De-

fendant's Reply to Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance ("Defendant's Reply") (ECF No. 27) at 2.

■ This court has held that when "the government attempts to explain the ALJ's reasoning, ... the Court may only consider the grounds proffered by the agency in its decision for *post hoc* rationalizations do not suffice." *Espinosa v. Colvin*, 953 F.Supp.2d 25, 32–33 (D.D.C. 2013) (citing *Clark v. Astrue*, 826 F.Supp.2d 13 (D.D.C. 2011). Upon review of the ALJ's decision and the Administrative Record, the undersigned notes that the ALJ did not include in his decision any discussion of the Plaintiff's contentions or testimony regarding his activities of daily living. AR at 21–33. Further, Defendant did not identify any discussion of the Plaintiff's daily activities in the ALJ's decision; instead, Defendant cites to evidence elsewhere in the record. *See* Defendant's Mem. at 17. Such attempts at *post hoc* rationalization are insufficient to provide support for the ALJ's reasoning.

The undersigned finds that the ALJ has failed to adequately put forth a narrative discussion identifying the evidence that supports his RFC determination with regard to Plaintiff's allegations of mental limitation based on his pain and medication use. As this Circuit has established, "[t]he judiciary can scarcely perform its assigned review function, limited though it is, without some indication not only of what evidence was credited, but also whether other evidence was rejected rather than simply

---

4. The ALJ included a provision in the RFC for "only low-stress work which is not production paced and involves no production quotas/standards, few (if any) general changes to the routine work environment, no judgment changes, and/or simple decision[ ]making on more than an occasional basis." AR at 28.

This provision, however, is not coupled with any explanation concerning which of Plaintiff's functional issues require such a limitation, nor the evidence upon which the ALJ relied in coming to this determination. *See Dowell*, 232 F.Supp.3d at 7–9, 2017 WL 107997, at *6.

ignored." *Brown v. Bowen,* 794 F.2d 703, 708 (D.C. Cir. 1986).

### The ALJ's Determination of Plaintiff's Credibility With Respect to His Complaints of Pain is Not Supported by Substantial Evidence

Plaintiff's second argument for reversal or remand concerns the ALJ's erroneous assessment of the persistence and intensity of the Plaintiff's pain. *See* Plaintiff's Mem. at 11. Under *Butler,* when an ALJ must assess the Plaintiff's credibility with regard to his pain, the "applicable regulations prescribe a two-step process to determine whether a claimant suffers from symptoms (including pain) that affect [his] ability to perform basic work activities." *Butler,* 353 F.3d at 1004 (citing 20 C.F.R. §§ 404.1529, 416.929). Step one requires the Plaintiff to provide "medical signs or laboratory findings evidencing a medically determinable impairment that could reasonably be expected to produce the alleged pain." *Id.* (internal quotation marks omitted). The ALJ found that Plaintiff has produced such evidence in this case. AR at 28.

Once the Plaintiff has satisfied this requirement, step two requires the ALJ to "assess[ ] the persistence and intensity of the claimant's pain as well as the extent to which it impairs [his] ability to work." *Butler,* 353 F.3d at 1004. It is here where the parties disagree: Plaintiff argues that the ALJ "did not consider how [Plaintiff's] documented pain impaired his ability to work." Plaintiff's Mem. at 12. Specifically, Plaintiff contends that the ALJ considered neither "the objective evidence indicating that [Plaintiff's] pain is debilitating ... nor did [the ALJ] consider any of the factors in 20 C.F.R. § 404.1529(c)(3)." *Id.* Defendant argues that "[t]he credibility determination is solely within the realm of the ALJ," Defendant's Mem. at 26 (quoting *Grant v. Astrue,* 857 F.Supp.2d 146, 156

(D.D.C. 2012)), and that "in drafting his detailed decision, the ALJ reviewed all the clinical evidence, medical opinion evidence, and activities of daily living summarized above," *id.*

█ This court has indeed held that "[t]he credibility determination is solely within the realm of the ALJ." *Grant,* 857 F.Supp.2d at 156. This does not, however, give the ALJ unlimited discretion in making such a determination. The "reviewing court will only intercede where an ALJ fails to articulate a rational explanation for his or her finding." *Id.* "The ALJ must weigh a number of specific factors in assessing a claimant's credibility." *Id.* (citing SSR 96–7p, *Evaluation of Symptoms in Disability Claims: Assessing the Credibility of An Individual's Statements,* 1996 WL 374186 (SSA July 2, 1996). The factors identified in SSR 96–7p include:

> 1) The individual's daily activities, 2) The location, duration, frequency, and intensity of the individual's pain or other symptoms, 3) Factors that precipitate and aggravate the symptoms, 4) The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms, 5) Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms, 6) Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96–7p, 1996 WL 374186, at *3. The court in *Grant* noted that the ALJ "correctly evaluated these factors" and found that they weighed in the Defendant's favor. 857 F.Supp.2d at 156. Additionally, the

court has held that it will "defer to the ALJ's credibility determination because it is *adequately explained* in his decision and *substantially supported* by the record." *Carnett v. Colvin*, 82 F.Supp.3d 1, 16 (D.D.C. 2015) (citing *Thomas v. Astrue*, 677 F.Supp.2d 300, 308 (D.D.C. 2010)) (emphasis added). This Circuit has further held that "[t]he ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight." *Butler*, 353 F.3d at 1005.

While the Defendant argues that "the ALJ reviewed all the clinical evidence, medical opinion evidence, and activities of daily living summarized above," Defendant's Mem. at 26, when making his determination of Plaintiff's credibility, the undersigned notes once again that *post hoc* rationalizations for the ALJ's decision are not sufficient, *see Espinosa*, 953 F.Supp.2d at 32–33. The ALJ failed to identify any of Plaintiff's purported activities of daily living as evidence to rebut Plaintiff's subjective allegations of debilitating pain.[5] The only discussion of Plaintiff's activities of daily living is a quotation from the Plaintiff's testimony that his "severe impairments hinder [the claimant] from performing the most basic daily functions necessary for self-sustainment, such as doing the laundry, cooking, cleaning, and lifting moderately heavy objects. On some days, depending upon his level of pain, he cannot even walk." AR at 29.

The court in *Butler* made clear that the ALJ must "evaluate[ ] the claimant's statement in relation to the objective medical evidence and other evidence," *Butler*, 353 F.3d at 1004, including "any symptom-related functional limitation and restrictions reported by the claimant and [his] treating physician which can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.* (internal quotation marks omitted). Here, Plaintiff presented both testimony regarding his pain[6] as well as medical records, and the medical opinion of his treating primary care physician, Dr. Philips. AR at 753. The ALJ's decision found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Id.* at 30. The ALJ proceeded to explain that he assigned "great weight" to Dr. Childs' statement that the Plaintiff "was capable of working at a lesser exertional level" because it was "more consistent with the claimant's testimony and the medical evidence in general." *Id.* The ALJ, however, did not identify any additional evidence—such as those factors listed in SSR 96–7p—that support the ALJ's determination of Plaintiff's credibility with regard to his

---

5. The undersigned notes that the ALJ did refer to Plaintiff's work activity during the relevant period by stating "the claimant admitted at the hearing that he worked as a general contractor for the first three years of [the relevant period]. AR at 29, 31. This one sentence, however, does not constitute sufficient evaluation of Plaintiff's numerous allegations of debilitating pain.

6. During the hearing before the ALJ, Plaintiff testified that: he experiences "extreme pain especially in the last six months or so it's been very bad for me and I've got to be taking this medicine to keep control of the pain"; he has had to increase his use of medication "because the body gets used to them. The newest one they have me on is Oxycontin which is one of the nasty ones and some muscle relaxer"; he needs to lie down at several points during the day; and that his pain "gets worse" when "doing movements such as bending, squatting, stooping, reaching, standing or sitting." AR at 73, 334.

allegations of pain. The undersigned finds, therefore, that the ALJ's decision did not "contain specific reasons for the finding on credibility, supported by the evidence in the case record" as required by *Butler.* 353 F.3d at 1005.

### The ALJ Did Not Violate the Treating Physician Rule

Additionally, Plaintiff alleges that the ALJ violated the treating physician rule by not allocating controlling weight to the opinion of Plaintiff's treating physician, Dr. Childs. Plaintiff's Mem. at 9–10. In support, Plaintiff points to a progress note by Dr. Childs wherein Dr. Childs wrote "I do not believe [Plaintiff] is capable of doing heavy work at this time, but I have advised [Plaintiff] that he would be a candidate for retraining and a more sedentary or administrative type of position rather than certainly any type of physical labor." AR at 30, 726; *see also* Plaintiff's Mem. at 9. Plaintiff argues that Dr. Childs was opining that Plaintiff is capable of working exclusively at the sedentary level or exertion. *See* Plaintiff's Mem. at 9. Defendant contends that the ALJ considered Dr. Childs' opinion and explained why he did not adopt it into Plaintiff's RFC. *See* Defendant's Mem. at 22–23.

■ This Circuit's treating physician rule states that due to the fact that "a claimant's treating physicians have great familiarity with her condition, their reports must be accorded substantial weight." *Butler,* 353 F.3d at 1003 (quoting *Williams v. Shalala,* 997 F.2d 1494, 1498 (D.C. Cir. 1993)). Moreover, such an opinion by a treating physician is "binding on the factfinder unless contradicted by substantial evidence." *Id.* Should an ALJ choose to reject the opinion of a treating physician, the ALJ is required to "explain his reasons for doing so." *Id.* While it is clear that the ALJ did not adopt Dr. Childs' opinion so as to limit Plaintiff to sedentary exertion,

the undersigned finds that the ALJ provided sufficient explanation for doing so to satisfy the treating physician rule.

■ The ALJ afforded Dr. Childs' opinion "great weight" when he formulated Plaintiff's RFC. AR at 30. The ALJ did not, however, agree with Plaintiff that Dr. Childs' opinion limited Plaintiff to the sedentary level of exertion. *Id.* In fact, the ALJ noted that

> Dr. Child's statement could be construed as assigning the claimant to the sedentary exertional level, which would result in the claimant being disabled as of his 50th birthday (i.e., August 28, 2013). However, the undersigned did not interpret Dr. Child's statement that way. Dr. Childs knew that the claimant's past work as a general contractor/home remodeler required manual labor and physical exertion above the light level or exertion. However, by assigning less exertion, Dr. Childs was not suggesting that the claimant work exclusively at the sedentary level of exertion.... After considering and relying upon Dr. Child's December 13, 2011 statement, the undersigned found the claimant capable of working at the light level of exertion with his pain and discomfort fully accommodated by an at-will sit-stand option.

*Id.*

This is not a case in which the ALJ "did *not* note the contradictory evidence in the record." *Jones v. Astrue,* 647 F.3d 350, 357 (D.C. Cir. 2011) (quoting *Butler,* 353 F.3d at 1002). The ALJ noted that Dr. Childs first stated that Plaintiff was "unable to work at this juncture" and then "[o]ne year later reverses his earlier opinion and finds the claimant capable of working at a lesser exertional level." AR at 31. The ALJ also explained why he gave less weight to the opinion of Dr. Phillips than to the

opinion of Dr. Childs, because the latter was "more consistent with the claimant's testimony and the medical evidence in general. Again, both the testimony and the evidence suggest that the claimant is precluded from his past work, but is capable of work with the limitations included in the [RFC] above." *Id.* at 30–31. Accordingly, the undersigned finds that the ALJ explained the weight he afforded to the medical opinions sufficient to satisfy the treating physician rule.

## CONCLUSION

For the foregoing reasons, the undersigned concludes that the ALJ's findings regarding Plaintiff's RFC were not supported by substantial evidence. Based on the record, and for the reasons outlined above, the undersigned will recommend that this case be remanded to the SSA for re-evaluation of the Plaintiff's limitations pertaining to his RFC.[7]

It is therefore, this 17th day of February, 2017,

**RECOMMENDED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 22) be **GRANTED IN PART;** and it is

**FURTHER RECOMMENDED** that this matter be remanded to the Social Security Administration for further administrative proceedings consistent with this Report and Recommendation; and it is

**FURTHER RECOMMENDED** that Defendant's Motion for Judgment of Affirmance (ECF No. 23) be **DENIED.**

---

7. As the undersigned recommends that this case be remanded to the SSA for a re-evaluation of Plaintiff's RFC, the undersigned will not address Plaintiff's alternative contentions regarding the ALJ's alleged improper question to the Vocational Expert. *See* Plaintiff's Mem. at 9, Plaintiff's Reply at 8.