# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WINSTON MACCALLUM, JR.,

       Plaintiff,

    v.

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
Performing Duties and Functions Not Reserved
for the Commissioner of Social Security,

       Defendant.

Civil Action No. 16-1429
DAR

## MEMORANDUM OPINION

Plaintiff Winston McCallum, Jr. commenced this action against the then-Acting Commissioner of the Social Security Administration ("Administration"), pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking reversal of an Administrative Law Judge's decision denying Plaintiff's application for Supplemental Security Income benefits. Complaint at 1, ¶ 1 (ECF No. 1). This action initially was referred to this court for Report and Recommendation. Order at 1, ¶ 1−2 (ECF No. 4). Upon notice and consent of the parties, this action was assigned to this court for all purposes pursuant to Local Civil Rule 73.1. Notice, Consent, and Reference of a Civil Action to a Magistrate (ECF No. 16).

Currently pending for determination are Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (ECF No. 13) and Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (ECF No. 14). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, and the entire record herein, the court will deny Defendant's motion, and grant Plaintiff's motion in part.

**FACTUAL BACKGROUND**

Plaintiff applied for Supplemental Security Income pursuant to Title XVI of the Social Security Act. Administrative Record ("AR") at 155 (ECF No. 8-5). Plaintiff alleged disability, beginning on June 1, 2006, attributable to "Glycogenic and storage disease," enlarged heart and liver, a vehicle accident, and loss of balance. *Id.* at 195, 199. Defendant denied Plaintiff's application for benefits on December 21, 2012, and Plaintiff filed a request for reconsideration on January 11, 2013. AR at 76 (ECF No. 8-3); 103 (ECF No. 8-4). Thereafter, Defendant considered Plaintiff's request for reconsideration and found the previous determination denying the claim proper under the law. AR at 104 (ECF No. 8-4).

On May 1, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge. *Id.* at 107. A hearing was held on September 11, 2014 before Administrative Law Judge Michael A. Krasnow ("ALJ"). *Id.* at 40. On March 26, 2015, the ALJ rendered an unfavorable decision. AR at 16 (ECF No. 8-2). In the decision, the ALJ employed a five-step process to determine whether Plaintiff was disabled. *Id.* at 20, ¶ 1. The ALJ made ten findings of fact and conclusions of law: (1) Plaintiff has not engaged in substantial gainful activity since July 3, 2012; (2) Plaintiff has severe impairments; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments; (4) Plaintiff has the residual functional capacity to perform light work, except that he requires a cane for walking long distances or on uneven surface; (5) Plaintiff has no past relevant work; (6) while Plaintiff was defined as a "younger" individual at the time he filed his application, he subsequently changed his age category to "closely approaching advanced age"; (7) Plaintiff has at least a high school education and is able to communicate in English; (8) transferability of job skills is not an issue

because Plaintiff does not have past relevant work; (9) jobs exist in significant numbers in the national economy that Plaintiff can perform, and (10) Plaintiff has not been under a disability as defined in the Social Security Act since the date the application was filed. *Id.* at 19-35.

On April 10, 2015, Plaintiff's counsel requested review by the Appeals Council of the denial of the disability claim by the ALJ. AR at 15 (ECF No. 8-2). Plaintiff's counsel filed a representative brief on behalf of Plaintiff on June 15, 2015. *Id.* at 4. On May 17, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's March 26, 2015 decision. *Id*. at 1.

Plaintiff commenced the instant action by filing a complaint in the United States District Court for the District of Columbia. *See* Complaint (ECF No. 1).


**STATUTORY FRAMEWORK**

The Social Security Act of 1935 established a framework to provide disability insurance and supplemental security income to individuals who have reached age 65, who are blind, or disabled. *See* 42 U.S.C. §§ 423, 1381, 1381a. The Act defines "disability" for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.605. A "disabled" individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning income and resources. 42 U.S.C. § 1382(a). The Administration has promulgated regulations, pursuant to the Act, outlining a five-step process for determining whether adult claimants are disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the Administration evaluates whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b). If so, the Administration concludes that the claimant is not disabled. *Id*.

Second, if the claimant is not engaged in substantial gainful activity, the Administration determines whether the claimant has a "severe medically determinable physical or medical impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement. . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Third, if the claimant's impairment is deemed "severe" under the second step, the next question becomes whether the impairment "meets or equals one of the listings" in 20 C.F.R. § 404.1525(a). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The "listing" refers to a "listing of impairments" which "describes for each of the major body system impairments that [the Administration] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

Fourth, if the claimant's impairment does not meet or exceed one of the listings under step three, the Administration assesses the claimant's "residual functional capacity" to determine whether the claimant is still capable of performing "past relevant work." 20 C.F.R. § 404.1520. A claimant's residual functional capacity is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545. If the claimant can perform past relevant work, the Administration determines that the claimant is not disabled. 20 C.F.R. § 404.1520.

Fifth, and finally, if the claimant is unable to perform his or her "past relevant work" under step four, the Administration evaluates the claimant's "residual functional capacity and… age, education, and work experience to see if [he or she] can make adjustment to *other* work." 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g) (emphasis added). If the claim cannot make such

an adjustment, the Administration finds that the individual is "disabled." 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**CONTENTIONS OF THE PARTIES**

Plaintiff submits that reversal, or in the alternative, remand, is required for two reasons: (1) the ALJ failed to articulate the weight he gave to Dr. Gawin Flynn's examining medical source statement, and how he incorporated Dr. Flynn's opinion into his RFC assessment, Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Memorandum") (ECF No. 13-2) at 12-14, and (2) that the ALJ failed to explain the weight he gave to Dr. Ronald Distajo's treating source opinion that Plaintiff should avoid lifting more than five pounds. *Id* at 14-16.

Defendant, in support of her motion for judgment of affirmance and in opposition to Plaintiff's motion for judgment of reversal, broadly submits that "[s]ubstantial [e]vidence [s]upports the ALJ's [e]valuation of the [m]edical [o]pinion [e]vidence." Defendant's Memorandum in Support of Her Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Defendant's Memorandum") (ECF No. 15) at 11. In response to Plaintiff's argument that the ALJ failed to articulate both the weight he gave to Dr. Flynn's examining medical source statement and the manner in which he incorporated the statement into his RFC assessment, Defendant maintains that "[the ALJ] relied heavily on Dr. Flynn's findings, and incorporated them into the RFC determination." *Id.* at 14.[1] In response to Plaintiff's argument that the ALJ failed to articulate the weight he gave to Dr. Distajo's treating

---

[1] The court regards the quoted passage as a concession by Defendant that indeed, the ALJ failed to articulate the weight he gave to Dr. Flynn's examining medical source statement. In a comparable – although pejorative – manner, Defendant later states that "Plaintiff elevates form over function[] [sic]" "[b]y arguing that remand is required because the ALJ failed to state the *exact* weight he gave to Dr. Flynn's opinion[.]" *Id.* (emphasis supplied).

source opinion, Defendant maintains that "Dr. Distajo's opinion was not automatically entitled to controlling weight by the ALJ simply because he treated Plaintiff," and that the ALJ "reasonably assigned 'minimal' weight to Dr. Distajo's opinion[.]" *Id*. at 12-13.[2]

Plaintiff, in his opposition to Defendant's motion and reply to Defendant's opposition, broadly characterizes Defendant's argument with respect to the ALJ's discussion of Dr. Flynn as "without merit." Plaintiff's Response to Motion for Judgment of Affirmance and Reply to Motion for Judgment of Reversal (ECF No. 18) at 1. With respect to Defendant's argument concerning Dr. Distajo, Plaintiff notes that the ALJ obviously mistook the opinion of a different physician for that of Dr. Distago. *Id.* at 2-4.[3]

**APPLICABLE STANDARD OF REVIEW**

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party… may obtain review of such decision by civil action." 42 U.S.C. § 405(g). On review, the Commissioner's determination will not be disturbed "if it is based on substantial evidence in the record and correctly applied the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted). In other words, a "district court's review of the [Administration's] findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (citations and internal

---

[2] The court regards the quoted passages as concessions that while the ALJ "acknowledged Dr. Distajo's treating physician status[,]" *id.* at 13, the ALJ, did not, in accordance with the law of this Circuit, explain the basis upon which he accorded Dr. Distajo's opinion only minimal weight.

[3] Defendant, in her reply, failed to acknowledge the mistake. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance (ECF No. 20) at 3.

quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A finding of substantial evidence requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id*. (citation and internal quotation marks omitted).

The District of Columbia Circuit has held that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)). The reviewing court "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits," *Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (internal quotation marks and alteration omitted), but should not "review the case '*de novo*' or reweigh the evidence," *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (citation omitted). It is the plaintiff who bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted).

The reviewing court has authority to reverse or remand the Commissioner's decision if it is not supported by substantial evidence, or was not made in accordance with applicable laws and regulations. *E.g.*, *Johnson v. Colvin*, 197 F. Supp. 3d 60, 72 (D.D.C. 2016), (*citing Richardson*, 402 U.S. at 401).

**DISCUSSION**

The court finds that the ALJ failed to explain the weight given to either Dr. Flynn's consultative examination findings, or to Dr. Distajo's treating source opinion.[4] The court further finds, in this circumstance, that remand to the Administration for further findings is required. *Ademakinwa v, Astrue*, 696 F. Supp 2d 107, 111 (D.D.C. 2010) ("[R]emand is appropriate . . . where the court cannot determine the ALJ's rationale . . . without further findings or clearer explanation for the decision.") (citation and internal quotation marks omitted); *see also Carnett v. Colvin*, 82 F. Supp. 3d 1, 7 (D.D.C. 2015) ("A reviewing court should not be left guessing as to how the ALJ evaluated probative material . . . .").

### *Consultative Examiner Dr. Flynn*

Notably absent from the ALJ's decision is any discussion of the weight accorded Dr. Flynn's findings; instead, the ALJ simply stated that the opinions of Dr. Ann Williams and Dr. Eduardo Haim, the state agency consultants who reviewed Plaintiff's records to assess Plaintiff's residual functional capacity – but, unlike Dr. Flynn, did not examine the Plaintiff – are "well supported by Dr. Flynn's consultative examination findings." HOD at 13. The ALJ's bootstrapped finding regarding Dr. Flynn's opinions is not a substitute for "provid[ing] an adequate basis for an adequate basis for his assignment of evidentiary weight[.]" *Johnson v. Colvin*, 197 F. Supp. 3d 60, 78 (D.D.C. 2016); *see also Contreras v. Commissioner of Social Security*, 239 F. Supp. 3d 203, 207 (D.D.C. 2017) ("The reviewing court 'examines whether the ALJ has analyzed all evidence *and has sufficiently explained the weight* he had given to obviously probative exhibits[.]'") (*quoting Nicholson*, 895 F. Supp. 2d at 103) (emphasis supplied). Indeed,

---

[4] Defendant effectively conceded these points, *see supra* n. 1, n.2; thus, the court's discussion of these points is abbreviated.

the Commissioner's own regulations require that where – as here – the treating source's opinion is not accorded controlling weight, "the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us." 20 C.F.R. § 416.927(e)(2)(ii).

The absence of any indication by the ALJ of the weight he accorded the findings of Dr. Flynn is not an abstract concern: as Plaintiff observes, *see* Plaintiff's Memorandum at 13-14, the findings of Dr. Flynn are at odds with the ALJ's own conclusion that Plaintiff has the residual functional capacity to perform "light work."

### *Treating Physician Dr. Distajo*

As to Dr. Distajo, a treating source, the ALJ stated that he accorded only "minimal weight" to his "opinion as to the severity of [Plaintiff's] functional limitations." *Id.* The ALJ omits any discussion of the weight he accorded to the remainder of Dr. Distajo's opinions.[5]

This court, adopting the treating physician rule articulated by the District of Columbia Circuit, *see White v. Berryhill*, No. 15-1256, 2017 WL 2729068 (D.D.C. June 27, 2017), requires that "[a] treating physician's report [be] binding on the fact-finder unless contradicted by substantial evidence. . . [and] an ALJ who rejects the opinion of a treating physician [to] explain his reasons for doing so." *Butler*, 353 F.3d at 1003. Once a medical source has been identified as a treating source, the regulations require, at a minimum, that the ALJ make some determination

---

[5] The ALJ stated that he accorded "no weight" to Dr. Distajo's opinion that Plaintiff's impairments "preclude the ability to work[,] because the final determination of disability is an issue that is reserved for the Commissioner." *Id.* Even were this court to concur in the ALJ's outright rejection of Dr. Distajo's opinion that Plaintiff is unable to work, the fact remains that Dr. Distajo's opinion included other relevant opinions which the ALJ did not discuss, and as to which he made no findings regarding the weight he accorded such opinions.

that a reviewing court could consider as indicia that the ALJ considered the opinions of a claimant's treating source in accordance with § 404.1527(c), and that any decision not to accord those opinions controlling weight is thoroughly explained and supported by substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c).  Simply put, the ALJ, in this instance, failed to do so.

**CONCLUSION**

Upon consideration of the record, and on the basis of the findings set forth herein, the court, by an order contemporaneously filed with this Memorandum Opinion, will deny Defendant's Motion for Judgment of Affirmance (ECF No. 14), and grant Plaintiff's Motion for Judgment of Reversal in part.

 

_____
DEBORAH A. ROBINSON
January 2, 2019                    United States Magistrate Judge